```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **MARTIN ENGINEERING COMPANY**, an Illinois Corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>**MALCOLM BRENT NARK**,<br>Individually and d/b/a **HIGH TECH ASSOCIATES**,<br><br>                Defendant. | Case No. 12 C 8891<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Malcolm Nark's (hereinafter, "Nark" or "Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) or to Transfer Pursuant to 28 U.S.C. § 1406(a). [ECF No. 7.] For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

Plaintiff Martin Engineering Company (hereinafter, "Martin" or "Plaintiff"), an Illinois corporation, brings the instant action against Nark, individually and doing business as High Tech Associates. In its Complaint, Plaintiff seeks a declaratory judgment that it is not in breach of the parties' April 27, 2009 Intellectual Property Assignment Agreement (the "IPAA") and the April 15, 2010 Addendum to Intellectual Property Assignment Agreement (the "Addendum"). He also requests an order declaring

how royalty payments are to be calculated and paid pursuant to these agreements in conjunction with the parties' April 14, 2010 Consulting Agreement.

Plaintiff and Defendant entered into the IPAA, Addendum and Consulting Agreement to develop and patent Defendant's snow and ice-melting products, the Hot Edge Ice Melt System ("Hot Edge products"). These products are "used on metal roofs and other roof structures to prevent the formation of icicles and to melt ice dams in order to enhance roof drainage." Def.'s Mot. to Dismiss at 7, ECF No. 7. The IPAA and Addendum provided for the sale or license to a third-party manufacturer, or for the manufacture and distribution of the Hot Edge products by Plaintiff or its subsidiaries. According to the IPAA, Addendum and Consulting Agreement, Defendant was to provide technical support and services for several patent applications to be filed by Plaintiff related to the Hot Edge products. The agreements further stated that if Plaintiff were to manufacture and sell a "Covered Product" directly or through a subsidiary, Plaintiff would be obligated to make a "Royalty Payment" to Defendant. Compl. Ex. B, ECF No. 1-2 at PageID# 19. Defendant claims that in December 2010, Plaintiff, through its Colorado subsidiary, HotEdge, Inc., began manufacturing and selling Hot Edge products, thereby invoking the obligation to make "Royalty Payments." Def.'s Mot. to Dismiss at 7-8, ECF No. 7.

On April 27, 2012, Defendant gave notice of a dispute between the parties pursuant to the IPAA and Addendum. Specifically, Defendant notified Plaintiff that it failed to make $50,000-$75,000 in Royalty Payments for 2011. Compl. Ex. D. Plaintiff responded on May 23, 2012, denying any failure to make Royalty Payments required under the agreement. *Id.* Ex. E.

On October 22, 2012, Defendant submitted a written request for mediation pursuant to the Addendum, which Plaintiff accepted on October 26, 2012. *Id*. Exs. F, G. The request stated that Plaintiff failed to account for, calculate, and pay all royalties due to Defendant under the agreements. *Id*. Exs. B, F, G; Pl.'s Resp. at 1, ECF No. 12. Ultimately, mediation was unsuccessful, and Plaintiff filed this action on November 7, 2012. Defendant asserts Plaintiff brought suit in this District hastily to preempt Defendant from filing suit in Colorado. However, as Plaintiff points out, Defendant does not challenge the appropriateness of seeking declaratory relief under 28 U.S.C. § 2201(a). Def.'s Mot. to Dismiss at 5-6, ECF No. 7; Pl.'s Resp. at 1, ECF No. 12.

Defendant's present Motion contests venue and seeks dismissal pursuant to Rule 12(b)(3), or alternatively, transfer to the District of Colorado pursuant to § 1406(a). Plaintiff contends venue is proper in the Northern District of Illinois because: (1) pursuant to 28 U.S.C. § 1391(b)(2), a substantial part of the events giving rise to the claim occurred in this District; and (2)

Nark consented to the jurisdiction of the courts located in Illinois in ¶ 19 of the IPAA. Compl. at 1. Paragraph 19 of the IPAA provides:

> **Jurisdiction**. This Agreement will be governed by and construed in accordance with the substantive laws of the State of Illinois, without regard to the conflicts of laws principles thereof and to which the parties submit to jurisdiction.

Compl. Ex. A, ECF No. 1-2 at PageID# 13.

Defendant argues venue in this District is improper because events giving rise to the claim occurred primarily in Colorado, not in Illinois, and further argues that ¶ 19 of the IPAA is not a forum selection clause specifying this District as the exclusive forum for any disputes arising out of the IPAA and Addendum. Def.'s Mot. to Dismiss at 2, ECF No. 7.

## II. <u>LEGAL STANDARD</u>

When a motion to dismiss is brought under Rule 12(b)(3), the plaintiff bears the burden of establishing proper venue. *Reeve v. Ocean Ships, Inc.*, No. 10-C-8147, 2011 U.S. Dist. LEXIS 82305 at \*8 (N.D. Ill. July 27, 2011). The Court must take all allegations in the Complaint as true and draw all inferences in favor of the plaintiff, but it may consider matters outside the Complaint without converting the motion to one seeking summary judgment. *Id.* at \*9. The Court may dismiss the case or transfer it in the interest of justice to a district or division in which it could have been brought properly, but for transfer to be appropriate

under § 1406(a), venue in the transferor district must be improper. 28 U.S.C. § 1406(a); *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008).

### III. ANALYSIS

Defendant argues that dismissal, or in the alternative, transfer, is appropriate. Defendant contends ¶ 19 of the IPAA is not a forum selection clause requiring venue within Illinois, but that instead venue is proper in Colorado because the events giving rise to the action occurred there. Plaintiff argues that Defendant's consent to jurisdiction in ¶ 19 of the IPAA is an implicit consent to venue within Illinois courts.

It is well established that forum selection clauses are presumed to be valid and should be enforced unless the resisting party shows that enforcement is unreasonable under the circumstances. *See, Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7th Cir. 1993). These clauses can be either mandatory or permissive. *Saxena v. Virtualabs, Inc.*, No. 01-C-9905, 2002 U.S. Dist. LEXIS 8656 at *4 (N.D. Ill. May 15, 2002). "To be considered mandatory, a forum selection clause must clearly express an intent that the chosen forum is both compulsory and exclusive, either by its own terms or in conjunction with a choice of venue provision that explicitly provides that venue is proper only within the chosen forum." *Id.* (citing *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992)). For example, in *Paper*

*Express*, the clause provided for the "[e]xclusive place of jurisdiction" in Germany, and further required that "all disputes arising out of the contractual relationship, . . . shall be filed [there]." *Paper Exp.*, 972 F.2d at 755. The Court found the language obligatory, noting that "the phrase 'shall be filed,' coupled with the phrase 'all disputes,' clearly manifest[ed] an intent to make venue compulsory and exclusive." *Id.* at 756.

"In contrast, a permissive forum selection clause evidences the parties' intent that the chosen state is a possible, but not the sole, arena in which a suit can be filed." *Saxena,* 2002 U.S. Dist. LEXIS 8656 at *5-6. Courts in this District have held that a forum selection clause will be permissive where only jurisdiction is specified. *See, Rivera Fin. v. Trucking Servs., Inc.*, 904 F.Supp. 837, 839 (N.D. Ill 1995) ("Client hereby consents to the nonexclusive jurisdiction of the local, state or federal court located with [sic] the State of Illinois."); *Pioneer Life Ins. Co. v. Anderson*, No. 88-C-20249, 1988 U.S. Dist. LEXIS 15302 at *4-5 (N.D. Ill. Dec. 21, 1988) (holding the clause "Winnebago County, Illinois shall be the place of jurisdiction for service and legal purposes" fell short of compelling suit to take place exclusively in Illinois).

Paragraph 19 of the IPAA provides that "[t]his Agreement will be governed by and construed in accordance with the substantive laws of the State of Illinois, without regard to the conflicts of

laws principles thereof and to which the parties submit to jurisdiction." Compl. Ex. A. When compared with the aforementioned examples, the language at issue here is clearly permissive. While indicating that the parties consent to jurisdiction within Illinois, there is no language expressing clearly that Illinois was meant to be the exclusive venue for any litigation between the parties.

Defendant argues that because the clause is permissive rather than mandatory, venue in the Northern District of Illinois cannot be established. Defendant is correct in asserting that forum selection clauses containing mandatory language identify the exclusive forum to be enforced. *Saxena*, 2002 U.S. Dist. LEXIS 8656 at *4. However, it does not follow that where a clause is permissive rather than mandatory, venue will be improper. Defendant offers no support for its assertion that a permissive forum selection clause cannot, by itself, establish venue. In fact, Defendant ignores case law providing that while a permissive forum selection clause does not restrict venue to a particular court or district, it provides consent for a claim to be brought in the specified jurisdiction. *See id* at *8 (finding that permissive forum selection clauses "operate to prevent [a party] from objecting to venue and personal jurisdiction" within the named forum); *Walter E. Heller & Co. v. James Godbe Co.*, 601 F.Supp. 319, 320-21 (N.D. Ill. 1984) (holding that the provision in which the

lessee "submit[ted] to jurisdiction" of Illinois courts "established [Illinois] as a permissible forum" and precluded defendants from arguing venue was improper and moving for dismissal or transfer under § 1406). Indeed, permissive clauses such as the one at issue operate to prevent exactly what has happened here; they keep the parties from objecting to venue or personal jurisdiction in Illinois while allowing other courts to maintain the ability to exercise otherwise proper jurisdiction or venue. *See Saxena*, 2002 U.S. Dist. LEXIS 8656 at *8.

Because the Court finds the forum selection clause at issue to be permissive, providing consent for the claim to be brought in Illinois, venue in this District is proper. Therefore, Defendant cannot claim improper venue and move for dismissal under Rule 12(b)(3) or transfer under § 1406(a). *See, William E. Heller & Co.*, 601 F.Supp. at 320-21. Defendant's Motion is denied.

### IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss or to Transfer [ECF No. 7] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: August 22, 2013